IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RAYMOND E. THORNTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 11-1024-GMS |
| | ) | |
| LT. WEST, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM**

**I. BACKGROUND**

The plaintiff Raymond E. Thornton ("Thornton"), an inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware filed this lawsuit pursuant to 42 U.S.C. § 1983. He proceeds pro se and was granted leave to proceed in forma pauperis. Thornton raises a number of claims, including a claim that he is not receiving adequate mental health care. Thornton indicate that he has been diagnosed as bi-polar, with violent episodes, and with ADHD, with violent episodes. (*See* D.I. 2, 17.) The court addresses whether Thornton is competent within the meaning of Fed. R. Civ. P. 17(c) and considers Thornton's requests for counsel (D.I. 35, 48) and motion to "reactivate" a motion for injunctive relief (D.I. 58).

**II. STANDARD OF LAW**

Federal Rule of Civil Procedure 17(c)(2) provides that "[t]he court must appoint a guardian ad litem - or issue another appropriate order - to protect a minor or incompetent person who is unrepresented in an action." The United States Court of Appeals for the Third Circuit has determined that the district court has a responsibility to inquire sua sponte under Rule 17(c)(2), whether a pro se litigant is incompetent to litigate his action and is, therefore, entitled to either

appointment of a guardian ad litem or other measures to protect his rights. *See Powell v. Symons*, 680 F.3d 301, 307 (3d Cir. 2012).

The Court considers whether Rule 17(c) applies "[i]f a court [is] presented with evidence from an appropriate court of record or a relevant public agency indicating that the party had been adjudicated incompetent, or if the court receive[s] verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent." *Powell*, 680 F.3d at 307 (citing *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 201 (2d Cir. 2003)). The court "need not inquire sua sponte into a pro se plaintiff's mental competence based on a litigant's bizarre behavior alone, even if such behavior may suggest mental incapacity." *Id.* at 303 (citations omitted). The decision whether to appoint a next friend or guardian ad litem rests with the sound discretion of the district court. *Powell*, 680 F.3d at 303.

## III. DISCUSSION

The record reflects that Thornton has a "mental health history" and that he has been provided behavior modification treatment plans (D.I. 2, ex. H, I; D.I. 33, ex. 5.) In addition, the affidavit of Vinnie Fabber, the Treatment Services Administrator for the Delaware Department of Correction, states that Thornton has a mental health history. (D.I. 30, Fabber aff.) The evidence suffices to place the court on notice that a Rule 17 inquiry is appropriate.

There are no mental health records contained in the court file. Fabber's affidavit states that Thornton has been referred to mental health, has been evaluated by a psychiatrist, prescribed appropriate medication, a treatment plan was developed for him, and he receives regular follow-ups. (*Id.*) Fabber indicates that, according to DOC security staff, Thornton refused to cooperate with anyone at the VCC regarding his mental health treatment. (*Id.*) It is undisputed that

2

Thornton receives mental health treatment. Nonetheless, there is no verifiable evidence of record of Thornton's mental health diagnosis (other than his own statements), nor any evidence that Thornton is unable to understand the legal proceedings he initiated. For these reasons, the court finds that the medical evidence of record is sufficiently unpersuasive to support a finding of incompetency. In addition, Thornton has filed numerous pleadings in this case. The pleadings are articulate, well-reasoned, and address the issues raised in the complaint. Indeed, Thornton acknowledges that he "has some legal knowledge and is literate." (*See* D.I. 17 at 12.)

The court has considered Fabber's affidavit and the lack of any further medical evidence of record, all in conjunction with its own experience with Thornton. Under the circumstances, the evidence of incompetency fails to support a conclusion that Thornton is incompetent. Inasmuch as there is no substantial question regarding the competence of Thornton, it is not necessary to conduct a Rule 17(c) competency hearing. For the above reasons, the court finds that it is unnecessary to appoint a guardian or counsel to represent Thornton's interests.

## IV. REQUESTS FOR COUNSEL

Thornton requests counsel on the grounds that he is unable to afford counsel, the complaint states a claim upon which relief may be granted, he is on lockdown status and has no physical access to the law library, the issues are complex, he does not have the ability to present his own case, he is unskilled in the law, the case may turn on credibility determinations, expert testimony will be necessary, he has made unsuccessful attempts to obtain legal representation, and appointment of counsel would serve the interests of justice. (D.I. 35, 48.) A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by

3

counsel.[1] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses.

*See Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-57. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

The court finds that Thornton's claims have merit given that some issues survived initial screening. Accordingly, the court proceeds to weigh the above factors to determine whether counsel is warranted. The first factor for consideration is Thornton's ability to present his own case. In making this determination, the court considers his literacy, education, prior work experience, prior litigation experience, and restraints placed upon him by virtue of his incarceration. *Tabron*, 6 F.3d at 156. As discussed above, Thornton's submissions demonstrate he is able to adequately present his case. He sets forth issues and states the factual grounds on

---

[1] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

4

which he seeks relief. Although not an attorney, Thornton's lack of legal training is common for pro se litigants.

The court next considers the complexity of the legal issues presented. Counsel may be sought when the legal issues are complex. A § 1983 civil rights case alleging deliberate indifference to a prisoner's serious medical needs can raise sufficiently complex legal issues to require appointment of counsel. *See Parham*, 126 F.3d at 459. Even where "the ultimate [legal] issue appears relatively simple . . . [s]implicity in the allegation supporting the claim does not translate into simplicity in the presentation of the claim." *Id.* Here, Thornton alleges that he is not provided with adequate mental health treatment. After reviewing the record, the court does not find that the legal issues raised by Thornton claims are unduly complex or burdensome.

Next, the court considers the degree to which factual investigation will be necessary, and the ability of the Thornton to pursue such investigation. Even where the ultimate legal issue in a case may be comprehensible, a court must consider the complexity of the discovery involved. *Parham v. Johnson*, 126 F.3d 454, 459 (3d Cir. 1997). Where claims are likely to require extensive discovery and compliance with complex discovery rules, appointment of counsel may be warranted. *Tabron*, 6 F.3d at 156. Also, the court considers the extent to which Thornton, while in confinement, may face problems in pursuing his claims. *Id.* at 156. To date, there is no evidence that he has faced problems in pursuing his claims. The court next considers Thornton's financial ability to attain and afford counsel on his own behalf. Thornton has been granted leave to proceed in forma pauperis and, therefore, has demonstrated an inability to afford counsel.

In addition, the court considers whether this case is likely to turn on credibility determinations. Though many cases turn on credibility determinations, courts considering this

5

factor should focus on whether the case is "solely a swearing contest" between the parties. *Parham*, 126 F.3d at 460. Based upon motions filed and the discovery contained in the court file, the court cannot say that the case will likely turn on credibility determinations.

Finally, the court considers the extent to which expert testimony may be required. Counsel may be warranted where the case will require testimony from expert witnesses. Even though Thornton raises medical needs claims, a review of the record does not indicate that expert testimony is required at this juncture of the case.

After reviewing Thornton's request, the court concludes that the factors weigh against representation by counsel. As discussed above, the case is not so factually or legally complex that requesting an attorney is warranted. To date, the filings in this case demonstrate Thornton's ability to articulate his claims and represent himself. Thus, in these circumstances, the court will deny without prejudice to renew Thornton's requests for counsel. (D.I. 35, 48.) Should the need for counsel arise later, the issue can be addressed at that time.

## V. INJUNCTIVE RELIEF

On June 8, 2012, the court denied Thornton's motion for injunctive relief. (D.I. 49.) Thornton moves to "reactivate" the motion. He states that the DOC is not providing him the proper diagnosis/treatment. He states that is bi-polar and "off of the medication." In addition, Thornton states that he should not be housed in general population at the VCC and is in danger. Therefore, he seeks a transfer to the Howard R. Young Correctional Institution. Thornton also seeks production of his institutional file "in full."

Thornton's motion will be granted to the extent that the court will address the issue of his mental health treatment. The defendants will be ordered to provide the court Thornton's mental

health record for review. The records shall be placed under seal. In addition, all parties will be ordered to brief the issue of Thornton's mental health treatment.

## VI. CONCLUSION

For the above reasons, the court finds the plaintiff is competent within the meaning of Rule 17(c), will deny the requests for counsel, and will grant in part the motion to "reactivate" (D.I. 58.) The parties will brief the issue of Thornton's mental health treatment and the defendants will provide Thornton's mental health records for review by the court.

An appropriate order will be entered.

CHIEF, UNITED STATES DISTRICT JUDGE

Sept 17, 2012
Wilmington, Delaware