IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

RAYMOND E. THORNTON,       )
                           )
            Plaintiff,     )
                           )
    v.                     )  Civ. Action No. 11-1024-GMS
                           )
LT. WEST, et al.,          )
                           )
            Defendants.    )

## MEMORANDUM

## I. INTRODUCTION

The plaintiff, Raymond E. Thornton ("Thornton"), who proceeds *pro se* and has been granted leave to proceed without prepayment of fees, filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Thornton is currently confined at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware. Before the court are several pending motions including Thornton's motion to amend, for reconsideration, for entry of default, and to compel, and the defendants' motions to dismiss and motions to stay discovery. (D.I. 50, 53, 66, 76, 85, 92, 102, 105, 112, 113, 114, 115, 116, 117, 120, 121.) For the reasons that follow, the court will grant the motions to dismiss, deny Thornton's motions to amend, for reconsideration, for entry of default, and for injunctive relief, and deny as moot all remaining pending motions.

## II. BACKGROUND

The complaint and its amendments raise retaliation claims against the defendants Lauro B. Diaz, Jr. ("Diaz"), Lt. West ("West"), Counselor Musser ("Musser"), and Warden G. R. Johnson ("Johnson") as well as mental health needs claims against the VCC Mental Health Staff

("Mental Health Staff"), VCC Mental Health Psychiatrists ("Psychiatrists"), Lezley Sexton

("Sexton"),[1] Vinnie Fabber ("Fabber"), Krystal Chivington ("Chivington"),[2] Peter Osinubi

("Osinubi"),[3] Dr. Olu Falola ("Dr. Falola"),[4] an unidentified 8 to 4 shift intake nurse, and Dr.

Eric Cole ("Dr. Cole"). (*See* D.I. 2, 4, 14, 15, 16, 19, 21, 23, 42.) The court dismissed all other

claims and defendants upon initial screening on March 6, 2012. (*See* D.I. 24, 25, 46.)

## III. MOTION FOR RECONSIDERATION

Thornton moves for reconsideration of the order screening his original complaint. (D.I.

116.) He contends that the original complaint stated a claim for failure to protect him from

inhumane conditions of confinement.

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or

to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*,

176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three

grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3)

the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v.*

*Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *North River Ins. Co. v. CIGNA Reinsurance*

*Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded

on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of*

*Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).

---

[1]Improperly named as Leslie Sexton.

[2]Named as Krystal Mental Health Worker.

[3]Named as Peter Mental Health Worker.

[4]Improperly named as Dr. Fillola.

2

Having reviewed the complaint and the court's memorandum and order, the court finds that Thornton has failed to demonstrate any of the necessary grounds to warrant reconsideration of the screening order. Therefore, the court will deny the motion for reconsideration. (D.I. 116.)

## IV. INJUNCTIVE RELIEF

Thornton alleges that he is not receiving adequate mental health treatment and seeks a transfer to a different correctional institution. On September 13, 2012, the court indicated that it would again address the issue of Thornton's mental health treatment. It ordered the parties to brief the issue and for the defendants to produce Thornton's mental health record. (*See* D.I. 78, 79.) Thornton recently advised the court that he seeks only a transfer to a different institution and does wish to waste anymore time that could be used for treatment. (*See* D.I. 118.)

"[A] prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir. 2000). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (citations omitted).

Thornton clearly disagrees with his mental health treatment. Regardless, that does not translate into the issuance of injunctive relief. Having reviewed Thornton's mental health records, it is apparent that Thornton's mental health condition is monitored by mental health professionals and that he has been seen on numerous occasions in response to his requests for

mental health treatment.  (*See* D.I. 81.)  The requisites for injunctive relief have not been met.

*See Kos Pharmaceuticals, Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (A party

seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) that it

will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will

not result in even greater harm to the nonmoving party; and (4) that the public interest favors

such relief.).  Accordingly, the court will deny the renewed motion for injunctive relief.

## V.  MOTION TO AMEND

Thornton filed a motion for leave to amend the complaint.  (D.I. 105.)  Pursuant to Fed.

R. Civ. P. 15(a), a party may amend its pleading once as a matter of course within twenty-one

days after serving it or, if the pleading is one to which a responsive pleading is required, twenty-

one days after service of a responsive pleading or twenty-one days after service of a Rule 12(b),

whichever is earlier.  Otherwise, a party may amend its pleading only with the opposing party's

written consent or the court's leave.  Rule 15 provides that court should freely give leave to

amend when justice so requires.

The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure

that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco*

*Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990) (citations omitted).  Amendment, however, is

not automatic.  *See Dover Steel Co., Inc. v. Hartford Accident and Indem.*, 151 F.R.D. 570, 574

(E.D. Pa. 1993).  Leave to amend should be granted absent a showing of "undue delay, bad faith

or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

previously allowed, undue prejudice to the opposing party by virtue of the allowance of the

amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *See also*

4

*Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000). Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). If the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990).

Thornton's motion for leave to amend, filed on December 18, 2012, seeks to add a harassment claim. He alleges harassment in the form of the loss of his prison job and when prison officials threw away "pay-to's" for legal supplies and general request forms used to order research materials. It appears the alleged acts took place from October through December 2012.

Having reviewed the proposed amendment, the court finds that any attempt at amending the complaint would be futile. The alleged acts speak to a different time-frame than that in the original complaint and seek to add individuals not named in the original complaint. In addition, Thornton, as a prisoner, has no entitlement to a specific job, or even to any job. *James v. Quinlan*, 866 F.2d 627, 630 (3d Cir. 1989). Nor do his claims with regard to legal research state a claim inasmuch as there are no allegations of actual injury as a result of the alleged denial of access. The actual injury requirement is a constitutional prerequisite to suit. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). For these reasons, the court will deny the motion to amend. (D.I. 105.)

## VI. MOTION FOR DEFAULT JUDGMENT

Thornton requests entry of default against the defendants on the basis they have yet to plead and/or defend themselves as to the accusations in the complaint. (D.I. 53, 76.) Entry of default judgment is a two-step process. Fed. R. Civ. P. 55(a), (b). A party seeking to obtain a

default judgment must first request that the Clerk of the Court "enter. . .the default" of the party

that has not answered the pleading or "otherwise defend[ed]," within the time required by the

rules or as extended by court order. Fed. R. Civ. P. 55(a). Timely serving and filing a motion to

dismiss under Fed. R. Civ. P. 12(b), precludes entry of default. *See Francis v. Joint Force*

*Headquarters Nat'l Guard*, 2006 WL 2711459, (D.N.J. Sept. 19, 2006), *aff'd in part*, 247 F.

App'x 387 (3d Cir. 2007) (unpublished). Even if default is properly entered, the entry of

judgment by default pursuant to Rule 55(b)(2) is within the discretion of the trial court. *Hritz v.*

*Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984).

Here, the defendants have appeared and filed motions to dismiss the complaint.

Therefore, the court will deny the requests for entry of default. (D.I. 53, 76.)

## VII. MOTION TO DISMISS

### A. Standard of Review

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim

upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The court must accept all factual

allegations in a complaint as true and take them in the light most favorable to Thornton.

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002).

A complaint must contain "a short and plain statement of the claim showing that the pleader is

entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A

complaint does not need detailed factual allegations, although, "a plaintiff's obligation to provide

the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citations

6

omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). Because Thornton proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

In addition to the complaint, the court may consider matters of public record and other matters of which a court may take judicial notice, court orders, and exhibits attached to the complaint when adjudicating a motion to dismiss under Rule 12(b)(6). *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citation omitted). Further, the court may also consider indisputably authentic documents. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004).

**B. Discussion**

The defendants move for dismissal on the grounds that Thornton has failed to state a claim upon which relief may be granted and that he failed to exhaust his administrative remedies as is required by the Prison Litigation Reform Act ("PLRA"). (D. I. 50, 66.) The court turns to the issue of failure to exhaust administrative remedies as it is dispositive of this case.

Johnson, West, Diaz, Musser and Fabber (collectively, "State defendants") and Cole, Sexton, Osinubi, Falola and Chivington (collectively, "medical defendants") move for dismissal on the grounds that Thornton failed to exhaust his administrative remedies. (D.I. 50, 51, 66, 67.) In the complaint, Thornton states that he filed grievances and that he exhausted his administrative remedies. (D.I. 2, ¶¶ II.A-C.) With regard to the State defendants, Thornton

7

responds that his July 25, 2011 grievance was the cause for his retaliatory transfer to the VCC,

but he makes no mention of submitting any grievances with regard to the retaliatory transfer.

(*See* D.I. 55.)  With regard to the medical defendants, Thornton concedes that he filed no medical

grievances.  He states that he was "constantly in direct contact with the mental health worker

from 9-6-11 to date. . . . If you say and/or believe that the filing of a grievance would of [sic]

made a difference, you'll confirm for the plaintiff that 'all' the mental health workers are and

have been unreliable liars.  Plaintiff contends that because of the direct contact with numerous

workers for the mental health dept. that the PLRA doesn't come into play, nor was it meant for

that purpose." (D.I. 68.)

The PLRA provides that "[n]o action shall be brought with respect to prison conditions

under section 1983 or any other Federal law, by a prisoner confined in any jail, prison, or other

correctional facility until such administrative remedies as are available are exhausted."  42

U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion

requirement applies to all inmate suits about prison life, whether they involve general

circumstances or particular episodes, and whether they allege excessive force or some other

wrong.").  The defendants have the burden of pleading and proving failure to exhaust

administrative remedies as an affirmative defense in a § 1983 action.  *Ray v. Kertes*, 285 F.3d

287, 295-96 (3d Cir. 2002).

Under § 1997e(a), "an inmate must exhaust [administrative remedies] irrespective of the

forms of relief sought and offered through administrative avenues."  *Booth v. Churner*, 532 U.S.

731, 741 n.6 (2001).  Exhaustion means proper exhaustion, that is, "a prisoner must complete the

administrative review process in accordance with the applicable procedural rules, including

8

deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006).

"'[P]rison grievance procedures supply the yardstick' for determining what steps are required for exhaustion." *Williams v. Beard*, 482 F.3d 637, 639 (3d Cir. 2007) (quoting *Spruill v. Gillis*, 372 F.3d 218, 231 (3d Cir. 2004)). A prisoner must complete the administrative review process in accordance with the applicable procedural rules in order to satisfy the exhaustion requirement of the PLRA. *Nickens v. Department of Corr.*, 277 F. App'x 148, 152 (3d Cir. 2008) (unpublished) (citing *Williams*, 482 F.3d at 639; *Spruill*, 372 F.3d at 228, 231). Perfect overlap between the grievance and a amended complaint is not required by the PLRA as long as there is a shared factual basis between the two. *Jackson v. Ivans*, 244 F. App'x 508, 513 (3d Cir. 2007) (unpublished) (citing *Woodford*, 548 U.S. at 95 ("The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance."). A futility exception to the PLRA's mandatory exhaustion requirement is completely precluded. *Banks v. Roberts*, 251 F. App'x 774, 776 (3d Cir. 2007) (unpublished) (citing *Nyhuis v. Reno*, 204 F.3d 65, 71 (3d Cir. 2000). The exhaustion requirement is absolute, absent circumstances where no administrative remedy is available. *See Spruill*, 372 F.3d at 227-28; *Nyhuis*, 204 F.3d at 67. A grievance procedure is not available, even if one exists on paper, if the defendant prison officials somehow prevent a prisoner from using it. *Mitchell v. Horn*, 318 F.3d 523 (3d Cir. 2003). If prison authorities thwart the inmate's efforts to pursue the grievance, administrative remedies may be presumed exhausted, as no further remedies are "available" to him. *Brown v. Croak*, 312 F.3d 109, 112-13 (3d Cir. 2002).

Thornton has failed to exhaust his administrative remedies. The July 25, 2011 grievance upon which Thornton relies with regard to his retaliation claims against the State defendants does not allege retaliatory conduct by any individual. Rather, it complains of computer use by corrections staff.[5] *See Wright v. State Corr. Inst. at Greene*, 2009 WL 2581665, at *6 (W.D. Pa. Aug. 20, 2009) (recognizing that retaliation is a distinct claim that must be explicitly grieved). Thornton did not submit grievances against the State defendants complaining of retaliation, and the time to file a grievance has long passed.

Recently, on December 26, 2012, Thornton claimed that he was "never afforded the opportunity to place a grievance as was stated that they don't have any on hand." (*See* D.I. 109.) Thornton does not indicate when this statement was made to him. The record reflects that Thornton was transferred to the VCC in September 2011 and, on September 25, 2011, he submitted a grievance complaining that he was not provided a pillow. (*See* D.I. 66, ex. C.) Hence, it is apparent that the grievance process was available to him shortly after his transfer to the VCC yet, he failed to submit any grievances regarding the alleged retaliatory transfer.

With regard to the medical defendants, Thornton concedes that he did not exhaust his administrative remedies. Indeed, he incorrectly contends that the PLRA is inapplicable as to those claims.

It is clear, upon review of the record, that Thornton did not fully exhaust his administrative remedies prior to filing suit as is required by the PLRA. Therefore, the court will grant the defendants' motions to dismiss. (D.I. 50, 66.)

---

[5]Thornton alleges that the submission of the July 25, 2011 grievance resulted in retaliation yet he did not follow through by submitting a grievance that complained of the alleged retaliation.

## VIII.  CONCLUSION

For the above reasons, the court will grant the defendants' motions to dismiss (D.I. 50, 66) and will close the case.  In addition, the court will deny Thornton's motions to amend (D.I. 105), for reconsideration (D.I. 116), for entry of default (D.I. 53, 76), and for injunctive relief (*see* D.I. 78, 79 ), and will deny as moot all remaining pending motions (D.I. 85, 92, 102, 112, 113, 114, 115, 117, 120, 121).

An appropriate order will be issued.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

_____Feb 1_____, 2013
Wilmington, Delaware

11